IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ADRIANNA D. WALTON,          )
                             )
    Plaintiff,               )
                             )
                             )   CASE NO. 3:06-0022
v.                           )   JUDGE TRAUGER/KNOWLES
                             )
                             )
SIZEMORE SECURITY INT'L, INC.,[1]  )
                             )
    Defendant.               )

**REPORT AND RECOMMENDATION**

**I. Introduction and Background**

This matter is before the Court upon Defendant's Motion for Summary Judgment. Docket Entry No. 33. Along with that Motion, Defendant has submitted a supporting Memorandum of Law (Docket Entry No. 35), a Statement of Undisputed Facts (Docket Entry No. 34), an Appendix to its Memorandum of Law, (Docket Entry No. 33-1), Excerpts and Exhibits from the Deposition of Adrianna D. Walton (Docket Entry Nos. 33-2, Ex. A), Pre-employment Application of Jason D. Rieben with attached Walton Deposition Exhibits (Docket Entry No. 33-3, Ex. B), and Excerpts and Exhibits from the Deposition of Kent White (Docket Entry No. 33-4, Ex. C).

---

[1] By Agreed Order, Defendant Bridgestone/Firestone North American Tire, LLC was dismissed without prejudice, leaving Sizemore Security Int'l, Inc. as the only defendant. Docket Entry No. 27.

1

Plaintiff has not responded to Defendant's Motion or to Defendant's Statement of Undisputed Facts.[2]

Plaintiff's Amended Complaint alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Tennessee Human Rights Act as a result of Defendant's alleged gender discrimination. Docket Entry No. 25. Plaintiff avers that she was passed over for promotion to "safety officer" in favor of a male who was hired for the position. *Id.* Plaintiff seeks compensatory and punitive damages, costs, attorneys' fees, and other relief. *Id.* Defendant filed an Answer to the Amended Complaint denying liability. Docket Entry No. 29.

Thereafter, Defendant filed the instant Motion for Summary Judgment and accompanying submissions. Defendant argues that Plaintiff cannot establish a prima facie claim of gender discrimination because Plaintiff admitted in her deposition that she did not possess the qualifications necessary for the position and that the male applicant selected for the position was more qualified than her. Docket Entry No. 35, p.1. Defendant also argues that Plaintiff's claim fails because in her own deposition testimony she admitted using poor judgment during a previous incident and this was one of the reasons she was not given the promotion. *Id.*

For the reasons set forth below, the undersigned recommends that Defendant's Motion for Summary Judgment (Docket Entry No. 33) be GRANTED.

---

[2]Plaintiff was represented by counsel at the time she filed her Complaint and Amended Complaint. *See* Docket Entry Nos. 1 and 25. Plaintiff's counsel subsequently filed a Motion to Withdraw (Docket Entry No. 31) that was granted by Judge Trauger (Docket Entry No. 32). Plaintiff has not retained new counsel and is now proceeding pro se.

2

## II. Undisputed Facts

The majority of the following facts are taken from Defendant's Statement of Undisputed Facts to which there was no response, so they are considered undisputed under the Local Rules of Court. *See* III.A. *infra*. Upon a review of the record however, some of the "facts" in the Statement of Undisputed Facts do not contain accurate record citations or do not accurately reflect the record.

For example, one of Defendant's submitted undisputed facts states: "When hiring Safety Officers, Kent White looks for candidates who have first responder certification/experience, CPR training/certification, AED training/certification, EMT training/experience, firefighter training/experience, military experience or safety officer experience in manufacturing setting. (Pl. Dep. 53:17-54:17; White Dep. 13:21-14:11)." Docket Entry No. 34, ¶ 3. A review of the cited White deposition pages, however, reveals that he identified only four of the six qualifications stated above, and he did not mention military experience at all. Additionally, a review of the cited pages from Plaintiff's deposition shows that Plaintiff testified that she did not know what experience or qualifications White required for the safety officer position. Thus, Plaintiff's deposition does not support the fact for which it is cited.[3]

Another of Defendant's submitted undisputed facts states: "On June 29, 2005, Plaintiff sent an accusatory email to a customer representative, Dana Blair. Kent White issued Plaintiff a formal disciplinary warning for this conduct. Plaintiff admitted that she had exhibited poor judgment by sending the accusatory email to Dana Blair. (Pl. Dep. 62:12-65:15; 66:12-14; Pl. Dep. Ex. 9; White

---

[3]After Plaintiff so testified, Defendant's attorney proceeded with a series of hypothetical questions asking if Plaintiff had "[A]ny reason to doubt that he prefers to hire individuals with" each of the qualifications set forth above. Each time, Plaintiff answered negatively. Such testimony obviously is not the same as Plaintiff admitting that those were, in fact, the qualifications White looked for in candidates.

3

Dep. 22:23-25:18)."[4] Docket Entry No. 34, ¶ 4. A review of the pages from Plaintiff's deposition shows that Plaintiff did not admit she "exhibited poor judgment." She did answer in the affirmative to the question: "And during that counseling session that Kent White had with you about this incident on July 1st, you admitted that it was probably not the best decision that you made to send that e-mail; correct?" Plaintiff Dep., p. 65.

The Court expects that counsel will give accurate citations to the record, and the Court cautions counsel to be more precise in their representations concerning the record.

The undersigned has made changes by rephrasing some of the submitted facts to correctly identify and reflect the deposition testimony. The undersigned has also added some facts from the submitted deposition testimony of Plaintiff in order to accurately reflect the record.

Plaintiff was employed as a security officer by Defendant on March 17, 2005. Docket Entry No. 33-2, Excerpts from the Deposition of Adrianna D. Walton ("Plaintiff Dep."), pp. 25-27. Kent White, Defendant's Regional Manager, hired Plaintiff on that date after reviewing her application and interviewing her with respect to her qualifications. *Id*., pp. 25-28; Docket Entry No. 33-4, Excerpts from the Deposition of Kent White ("White Dep."), p. 6.

On June 29, 2005, Plaintiff sent an accusatory email to an employee (Dana Blair) of Bridgestone/Firestone, which is a client of Defendant's. White had a counseling session with

---

[4] Presenting multiple facts in one paragraph with cumulative citations at the end does not comply with LR 56.01(b). For instance, the final sentence of this paragraph could be supported only by Plaintiff's deposition testimony; White's testimony does not support it. LR 56.01(b) states in pertinent part that "In order to assist the Court ... any motion for summary judgment ... shall be accompanied by a separate, concise statement of material facts .... Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by specific citation to the record." (Emphasis added).

4

Plaintiff and issued her a formal verbal warning for this conduct. In her deposition, Plaintiff admitted that "it was probably not the best decision" to send the accusatory email to Blair.

In August 2005, another employee resigned, thus leaving a safety officer position available. Plaintiff Dep., pp. 49-50. Plaintiff sent White an accusatory email, which stated in part, "I had ask [*sic*] you 3 months ago about being considered for inside[5] when a position came available, and then this morning Larry informs me that a gentleman by the name of 'Rocky' is coming in to be interviewed for inside. Thanks for the slap in the face." Plaintiff Dep., 50-51; White Dep., pp. 6-7; Docket Entry No. 33-3, Ex. 10 and attachment thereto (footnote added). At all times relevant to this litigation, White was solely responsible for selecting candidates for the safety officer position in question. Plaintiff Dep., pp. 37, 42-43; White Dep., p. 34. When hiring safety officers, White testified he looks for candidates who have first responder certification, EMT certification, firefighter training/experience, safety officer experience in a manufacturing setting, or similar background and skills. White Dep., pp. 13-14.

White had conducted Plaintiff's initial interview in March 2005, and knew Plaintiff did not have the experience and/or qualifications he required for the safety officer position. Plaintiff Dep., pp. 51, 53; Docket Entry No. 33-2, Ex. 2; White Dep., p. 18. Although Plaintiff testified that she did not know what qualifications White required for the position, White provided testimony, as set forth above, as to the job qualifications. Plaintiff Dep., p. 53; White Dep., pp. 13-14. When asked in her deposition whether she possessed those specific qualifications, Plaintiff admitted she did not. Plaintiff Dep., pp. 54-56. Further, Plaintiff admitted that she did not have the same qualifications

---

[5]Apparently, the safety officer position was an "inside" the plant job.

5

as were listed on the pre-employment application of the person who was selected, even though she questioned some of the qualifications. Plaintiff Dep., pp. 56-59.

White also believed that Plaintiff's demonstrated poor judgment with respect to making prior false accusations against Blair and a Sizemore employee made her unqualified for the safety officer position.[6] White Dep., pp. 9-10. Plaintiff admitted that someone in the safety officer position would have to be able to get along with and have a good working relationship with Blair. Plaintiff Dep., pp. 66-67. Plaintiff later sent an email to White recognizing that the incident with Blair was probably one of the reasons she was not promoted to the safety officer position in question. Plaintiff Dep., pp. 62-67; White Dep., pp. 22-25; Docket Entry No. 33-3, Ex. 9 and attachments thereto.

White testified that he selected a more qualified individual, Jason Rieben, for the safety officer position in question. Rieben possessed nearly three years of experience as a safety officer in a manufacturing setting, during which he performed duties similar to those performed by Sizemore's safety officers. Additionally, Rieben was certified in CPR and AED,[7] had been trained in firefighting and medical response, and was a licensed EMT. White said that Plaintiff did not have the experience or qualifications that Rieben had. Plaintiff Dep., pp. 56-59; Docket Entry No. 33-3, Ex. B; White Dep., pp. 7, 18-20. Plaintiff testified she did not have all of these qualifications at the time the safety officer position in question was available. Plaintiff Dep., pp. 54-56, 59.

---

[6]Although not explained in detail, White referred to "the false allegations against Captain Earls." White Dep., p. 9.

[7]The undersigned believes "AED" refers to Automated External Defibrillator.

6

### III. Analysis

#### A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than ten (10) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty (20) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendant filed the pending Motion on February 6, 2007. ( Docket Entry No. 33). Plaintiff has failed to respond to Defendant's Motion. Pursuant to Local Rule 7.01(b), Plaintiff's failure to file a timely response "indicate[s] that there is no opposition to the motion."

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (I) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. ...
> . . .
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has likewise failed to respond to Defendant's Statement of Undisputed Facts (Docket Entry No. 34). Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are

7

no disputed facts in the case at bar.[8] Because this case presents no disputed facts, there is no genuine issue as to any material fact, and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

## B. Motion for Summary Judgment

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met its burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

---

[8]As discussed above, however, the Court has not accepted those "facts" set forth in Defendant's Statement of Undisputed Facts that either were not accurately cited to in the record or that did not accurately reflect the record.

8

In order to prevail on a Motion for Summary Judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

### C. The Case at Bar

Plaintiff, in her Amended Complaint, avers that Defendant discriminated against her on the basis of her gender. Docket Entry No. 25.

Title VII of the Civil Rights Act of 1964 protects employees from discrimination on the basis of an individual's race, color, religion, sex, or national origin, and provides, in part:

> It shall be an unlawful employment practice for an employer–
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2.

A prima facie claim of gender discrimination based upon the failure to promote under Title VII requires a plaintiff to establish the following:

1. She is a member of a protected class;

2. She applied for and was qualified for the promotion;

3. She was considered for and denied the promotion; and

4. An individual of similar qualifications who was not a member of the protected class received the job at the time plaintiff's request for the promotion was denied.

*White v. Columbus Metro. Hous. Auth.,* 429 F.3d 232, 240 (6th Cir. 2005); *Leadbetter v. Gilley*, 385 F.3d 683, 690 (6th Cir. 2004).

A plaintiff may establish a claim of discrimination under Title VII either by introducing direct evidence of discrimination, or by proving circumstantial evidence that would support an inference of discrimination. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000), *citing Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997). "The direct evidence and

the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Id.*

If the plaintiff lacks direct evidence of discrimination, the circumstantial evidence approach is used and the *McDonnell Douglas-Burdine* tripartite test is employed. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), as later clarified by *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). The *McDonnell Douglas-Burdine* tripartite test requires the plaintiff to first establish a prima facie case of discrimination. *Id.* If the plaintiff is able to do so, a mandatory presumption of discrimination is created and the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. *Id.* If the defendant carries this burden, the plaintiff must then prove that the proffered reason was actually pretextual. *Id.* The plaintiff may establish pretext by showing that, 1) the stated reasons had no basis in fact; 2) the stated reasons were not the actual reasons; or 3) the stated reasons were insufficient to explain the defendant's action. *Id. See also, Cicero v. Borg-Warner Automotive, Inc.*, 280 F.3d 579, 589 (6th Cir. 2002). "A reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).

Although Plaintiff alleges that Defendant discriminated against her based on her gender, she has not responded to the instant Motion and has failed to adduce *any* affirmative evidence, in a form required by Fed. R. Civ. P. 56, to support that allegation. Plaintiff's own deposition testimony, submitted by Defendant in support of its summary judgment motion, discounts any valid legal claim of discrimination. Plaintiff bears the burden of demonstrating that there is a genuine issue for trial.

11

Plaintiff has failed to establish a prima facie case and has failed to demonstrate a genuine issue for trial. Accordingly, Defendant is entitled to a judgment as a matter of law.

### IV. Conclusion

For the foregoing reasons, the undersigned concludes that there is no genuine issue as to any material fact, and that Defendant is entitled to a judgment as a matter of law. Therefore, the undersigned recommends that Defendant's Motion for Summary Judgment (Docket Entry No. 33) be GRANTED, and that this action be DISMISSED WITH PREJUDICE.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

E. CLIFTON KNOWLES
United States Magistrate Judge