IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADRIANNA D. WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 3:06-0022 |
| v. ) | JUDGE TRAUGER/KNOWLES |
| ) | |
| ) | |
| SIZEMORE SECURITY INT'L, INC., ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendant's Motion for Sanctions Against Plaintiff (Docket Entry No. 36), with attached Exhibits 1-4 (Docket Entry Nos. 36-1 through 36-4) and an unnumbered Exhibit (Docket Entry No. 36-5). In support of its Motion, Defendant has submitted a supporting Memorandum of Law. Docket Entry No. 37.

Plaintiff, who is now proceeding *pro se,* has not responded to Defendant's Motion. It should be noted, however, that Plaintiff was represented by counsel at the time she filed her Complaint and Amended Complaint. *See* Docket Entry Nos. 1 and 25. Plaintiff's counsel subsequently filed a Motion to Withdraw (Docket Entry No. 31) that was granted by Judge Trauger (Docket Entry No. 32).

Plaintiff filed her original Complaint on January 11, 2006 (Docket Entry No. 1), and then an Amended Complaint on April 4, 2006 (Docket Entry No. 25), alleging violations of Title VII of

1

the Civil Rights Act of 1964 ("Title VII") and the Tennessee Human Rights Act as a result of Defendant's alleged gender discrimination. Plaintiff avers that she was passed over for promotion to "safety officer" in favor of a male who was hired for the position. *Id.*

Defendant filed answers to the Complaint and the Amended Complaint denying liability. Docket Entry Nos. 9 and 29. Thereafter, and after the withdrawal of Plaintiff's counsel, Defendant filed a Motion for Summary Judgment, arguing that Plaintiff had not established a prima facie claim of gender discrimination because she was not qualified for the promotion and the male applicant selected for the position was more qualified than Plaintiff. Docket Entry No. 33, p. 1. Plaintiff, *pro se* at the time, did not respond to Defendant's summary judgment motion. The undersigned recommended to the District Judge that Defendant's summary judgment motion be granted. Docket Entry No. 39.

In its sanctions motion, Defendant argues that Plaintiff violated Federal Rule of Civil Procedure 11 when she filed her Complaint because her discrimination claim is frivolous and without supporting evidence. In addition, Defendant argues that Plaintiff should be sanctioned for refusing to withdraw her claim after Defendant notified her the claim was without merit based on her deposition testimony that she was not qualified for the position and because Defendant had legitimate, non-discriminatory reasons for not promoting her unrelated to her gender. Docket Entry No. 36, p. 1. Defendant also states that it gave Plaintiff numerous opportunities to dismiss her claim before filing the instant motion. *Id.*

For the reasons set forth below, the undersigned recommends that Defendant's Motion for Sanctions (Docket Entry No. 36) be DENIED.

2

## II. Facts

After Defendant answered the Amended Complaint, the parties engaged in discovery and depositions of both sides were taken. *See* Docket Entry Nos. 33-4 and 36-5.[1] Both parties were represented by counsel during the depositions. *See* Docket Entry No. 33-4 deposition cover page and Docket Entry No. 36-1.

For its argument that sanctions are proper, Defendant relies on portions of Plaintiff's deposition testimony[2] and subsequent correspondence of Defendant's attorney to Plaintiff and to her former attorney. The correspondence is attached to Defendant's Motion as Exhibits 1-4 and shows Defendant's counsel repeatedly requesting that either Plaintiff or her former attorney voluntarily dismiss her action for the reasons which form the basis of this Motion. Docket Entry Nos. 36-1 through 36-4. The correspondence is dated from September 6, 2006 to January 4, 2007. *Id.*

Exhibit 1 is an e-mail from Defendant's attorney to Plaintiff's attorney in which Defendant's attorney states that, in light of Plaintiff's alleged deposition admissions, she would like to postpone

---

[1] In the instant Motion, Defendant refers the Court to its summary judgment motion, exhibits, supporting memorandum and Statement of Undisputed Facts "for maximum clarity and context." Docket Entry No. 37, fn. 2. Herein, the Court relies on some facts from Defendant's summary judgment submissions, such as this one, as necessary to the context and because they were not submitted with this Motion. With its summary judgment motion, Defendant attached deposition excerpts of Defendant's employee, Kent White, as well as Plaintiff's deposition excerpts, both of which the Court refers to herein.

[2] Attached to the Motion behind Exhibit 4 are excerpts of Plaintiff's deposition transcript and two exhibits to her deposition. Docket Entry No. 36-5. These attachments are not marked as exhibits to the Motion and are not referred to in the Motion, nor are the Plaintiff's deposition excerpts referred to in Exhibit 4 as attachments thereto. However, the Plaintiff's deposition excerpts are briefly referred to in Defendant's supporting Memorandum, although not by exhibit number. Moreover, the first page of the deposition excerpt referred to in the Memorandum is not attached. Unfortunately, it appears that the missing page, page 53, is vital to the understanding of Defendant's position herein, so the Court has referred to Defendant's summary judgment exhibits for Plaintiff's deposition excerpts.

3

the Defendant's witness depositions scheduled for that week to allow Plaintiff's attorney the chance to assess whether to pursue the case any further. Defendant's attorney replies that he wishes to take the scheduled depositions and then assess whether to pursue the case. Defendant's attorney states: "If I do not find out any information that supports Mrs. Walton's case after Friday's deposition I will advise her to consider dropping the case." Docket Entry No. 36-1.

Defendant relies solely on excerpts of Plaintiff's deposition for its argument that sanctions are proper. Defendant states:

> Specifically, Plaintiff testified that Sizemore prefers candidates for the Safety Officer position to have first responder experience, EMT experience, prior safety officer experience in a manufacturing setting, firefighter experience or training, medical response experience/training, and/or CPR/AED certifications. (Pl. Dep. 53:17-54:17)[3]. Plaintiff also testified regarding her own qualifications. **Plaintiff testified she did not have any of these qualifications**. (Pl. Dep. 54:19-56:1).

Docket Entry No. 37, pp. 2-3 (emphasis in original). Defendant also asserts: "Moreover, Plaintiff testified Jason Reiben[4] [*sic*], the individual hired for the Safety Officer position, did indeed have the preferred qualifications. (Pl. Dep. 56:2-59:10)." Docket Entry No. 37, p. 3.

As noted by the undersigned in the Report and Recommendation relating to Defendant's summary judgment motion, the above facts are not entirely accurate. *See* Report and Recommendation, Docket Entry No. 39, pp. 3-4.

---

[3]As previously stated, Defendant failed to attach page 53 of Plaintiff's deposition excerpt to this Motion, but it is attached as an exhibit to Defendant's summary judgment motion. *See* Docket Entry No. 33-2.

[4]The correct spelling is Rieben, as evidenced by his signed pre-employment application, which was attached as an exhibit to Defendant's summary judgment motion. *See* Docket Entry No. 33-3, Ex. B. This spelling will be used henceforth.

Plaintiff testified that she did not know the qualifications for the safety officer position. The testimony of the job qualifications came from Defendant's employee, Kent White, who made the hiring/promotion decision and whose deposition was taken after Plaintiff's. Not knowing the job's preferred qualifications, Plaintiff could not have testified that Rieben met those. Rather, Plaintiff testified as to her qualifications and was asked to compare her qualifications to those on Rieben's pre-employment application. Plaintiff admitted that she did not have the same qualifications as were listed on Rieben's pre-employment application, even though she questioned whether he had some of the listed qualifications. White later testified as to Rieben's qualifications and explained that Rieben was more qualified for the job and that is why he hired Rieben and not Plaintiff. *See* Report and Recommendation, Docket Entry No. 39, pp. 5-6.

Accordingly, Defendant's assertion that "Plaintiff's discrimination claim is frivolous and a violation of Rule 11 because Plaintiff's own deposition testimony undeniably establishes she was not qualified for the position that she alleges she was denied because of her gender and that Defendant had legitimate nondiscriminatory reasons for not promoting her to the position" is in error. Docket Entry No. 36, p. 1. In fact, White's deposition testimony was required to accurately support Defendant's argument. Plaintiff's testimony alone fails to hit the mark. *See* Report and Recommendation, Docket Entry No. 39, pp. 4-6.

Likewise, Defendant's statement that "it was undeniably apparent as of August 31, 2006 [Plaintiff's deposition date], that Plaintiff had not been discriminated against because of her gender and any such claim was frivolous" is wrong. Docket Entry No. 37, p. 3 (bracketed language added). In the Report and Recommendation, the undersigned recommended granting summary judgment to Defendant, but the testimony of White, Defendant's witness, was crucial to the recommendation.

5

In other words, the proof necessary to support summary judgment came after White's testimony was developed in his deposition, which was taken after Plaintiff's deposition. *See* Docket Entry Nos. 33-4 and 36-5, deposition cover pages. The undersigned also notes that Plaintiff's former counsel specifically stated that he wanted to take depositions of Defendant's witnesses, including White, before assessing the case for possible dismissal.

After depositions were taken, Plaintiff's attorney filed a Motion to Withdraw, which was granted. Docket Entry Nos. 31 and 32. The Motion stated the ground for withdrawal as "the relationship of attorney-client has reached a point where representation is no longer possible." Docket Entry No. 31. Attached to the Motion to Withdraw was a letter from Plaintiff's attorney to Plaintiff, stating in full: "This letter is to confirm our agreement that I will be withdrawing as your legal counsel. Please be advised that the defendant has requested that you voluntarily dismiss your case or they will seek sanctions of attorney's fees and costs." Docket Entry No. 31-2.

There is no indication from the record or the Court docket that Plaintiff has been involved in or participated in any part of this case since she gave her deposition. Plaintiff's deposition was on August 31, 2006, and her attorney filed his Motion to Withdraw on September 28, 2006. Plaintiff did not withdraw her Amended Complaint as requested by Defendant.

Defendant includes as part of its argument for sanctions an alleged admission from Plaintiff's former attorney that he recommended Plaintiff withdraw her claim because he knew it did not have merit. Docket Entry No. 37, p. 4. Specifically, Defendant states:

> On September 27, 2006, Plaintiff's counsel contacted defense counsel and indicated that he knew Plaintiff did not have a viable claim. He then indicated he would recommend to Plaintiff that she withdraw her claim. He indicated he would file a motion to withdraw as her attorney in the event she failed to do so.

6

This alleged statement was made by telephone and is not supported by sworn evidence in the form of affidavit or deposition as required by Local Rule 7.01. Nor is the substance of the telephone call between Plaintiff's counsel and Defendant's counsel presented to the Court as an exhibit, such as a letter between the attorneys confirming the conversation. Therefore, this fact is not properly before the Court and cannot be considered.

Notwithstanding violating this basic concept of properly presenting evidence to the Court, Defendant makes the egregious step of drawing a conclusion in its argument that, "[e]ven so, Plaintiff continued to pursue this action, even after the baselessness of her claim was exposed and her attorney withdrew." Docket Entry No. 37, p. 7. Further, Exhibit 3 to the sanctions motion is a letter to Plaintiff from Defendant's attorney which refers to Plaintiff's former attorney and states in part, "As you know, Mr. Harris agreed that your case lacks merits and withdrew as your attorney." Docket Entry No. 36-3, p. 1. The only evidence in the record as to why Plaintiff's former attorney withdrew representation is that stated in his Motion to Withdraw as "the relationship of attorney-client has reached a point where representation is no longer possible." Docket Entry No. 31. Thus, Defendant's conclusion and argument to the Court that Plaintiff's former attorney withdrew from representation because he believed her claim lacked merit is not supported by the facts.

### III. Analysis

Plaintiff has failed to respond to Defendant's Motion for Sanctions. Pursuant to Local Rule 7.01(b), Plaintiff's "[f]ailure to file a timely response shall indicate that there is no opposition to the motion." However, it would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond. Rule 11(c)(3) requires the Court to independently determine if a violation has occurred. It states: "When imposing sanctions, the court shall describe the conduct

7

determined to constitute a violation of this rule and explain the basis for the sanction imposed." *See Nieves v. City of Cleveland*, 2002 WL 31780955, at *2, 52 Fed.Appx. 635, 637 (6th Cir. Nov. 12, 2002) ("Merely noting, as this district court did, that neither Plaintiff nor Mr. Watson had produced any relevant argument, law or evidence to oppose Mr. Fano's Motion for Sanction, does not satisfy Rule 11(c)(3)'s directive.").

Initially, the undersigned notes that Defendant's Motion requests sanctions only against Plaintiff as the *pro se* party and not against her former attorney. The Motion only refers to Plaintiff and states: "WHEREFORE, Defendant asks the Court to sanction Plaintiff for filing and pursuing a frivolous claim pursuant to Rule 11 of the Federal Rules of Civil Procedure." Docket Entry No. 36, p. 1. There is a minor deviance when Defendant in its supporting Memorandum refers in one instance to Plaintiff and then adds "and/or her attorney." Docket Entry No. 37, p. 6. Otherwise, Defendant's Memorandum specifically requests sanctions against Plaintiff only in the first sentence, the body, and the final sentence. Docket Entry No. 37.

### A. Federal Rule of Civil Procedure 11

Rule 11 (b) states:

> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defense, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the

extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

As a preliminary matter, the Court must determine whether the Rule 11 Motion is properly before the Court. Defendant is required to meet a pre-requisite to filing such a motion, which is commonly referred to as the "safe-harbor" provision. Fed. R. Civ. P. 11(c)(1)(A). The safe harbor provision requires that a sanctions motion not be filed with or presented to the court unless the challenged claim is not withdrawn or corrected within 21 days after the opposing party has been served with the motion. *Id.* Defendant presented Exhibits 1-4 to show that it met the safe-harbor requirement. Exhibit 4 is the last correspondence from Defendant's counsel to Plaintiff and is dated January 4, 2007, which is more than 21 days prior to when the instant Motion was filed with the Court on February 6, 2007. Thus, Defendant has met the "safe-harbor" pre-requisite to filing its Rule 11 Motion with the Court.[5]

The test for imposing Rule 11 sanctions in the Sixth Circuit Court of Appeals is whether the individual's conduct was "reasonable under the circumstances." *Andretti v. Borla Performance Indus., Inc.,* 426 F.3d 824, 833 (6th Cir. 2005); *Int'l Union, UAW v. Aguirre*, 410 F.3d 297, 304 (6th

---

[5]Actually, only Exhibit 4 shows the safe harbor pre-requisite has been met since it is the letter to which the motion was attached. Rule 11(c)(1)(A) requires that a motion, not just a letter, be sent to the opposing party prior to filing. However, Exhibit 4 fails to attach the motion it refers to. The undersigned will assume that a motion was attached to the January 4, 2007 letter and the fact that it was not attached in the Court filing was an oversight. In this case, Exhibits 1-3 show that Defendant's counsel was giving informal "courtesy" notice of its intent to seek sanctions.

9

Cir. 2005). Rule 11 was substantially amended in December 1993, and the amended rule provides the District Court with discretion to impose sanctions for violations. *See* Rule 11(c) ("the court may ... impose an appropriate sanction"); *Ridder v. City of Springfield*, 109 F.3d 288, 293-94 (6th Cir. 1997) ("In a significant turnabout, the amended rule now makes the imposition of sanctions for violations discretionary, rather than mandatory.").[6] Also, under the amended rule, a litigant is under a continuing duty of candor, so that after a reasonable opportunity for investigation and discovery, the party should not continue to insist on an untenable position. *Ridder* at 293. Sanctions are appropriate to prevent abuse of the judicial system such as the filing of frivolous and/or malicious lawsuits. *Cooter & Gell v. Hartmax Corp*, 496 U.S. 384, 405 (1990).

The standard of review for a district court's imposition of sanctions under Rule 11 is abuse of discretion. *See Cooter & Gell,* 496 U.S. at 405; *Ridder*, 109 F.3d at 293. An abuse of discretion occurs if the district court "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell*, 496 U.S. at 405; *Ridder*, 109 F.3d at 293. Appellate review of a Rule 11 sanction is particularly deferential. *Cooter & Gell*, 496 U.S. at 400-05.

Defendant argues Plaintiff violated Rule 11 first, when the frivolous Complaint was filed without supporting evidence and second, when she failed to withdraw her claim after it notified her it fails under law because she cannot prove a prima facie case. Defendant's arguments fails on both counts.

---

[6] The Rule's plain language and current Sixth Circuit caselaw is contrary to Defendant's assertion that, "Sanctions *must* be imposed if the Court finds the Rule was violated." Docket Entry No. 37, p. 5 (emphasis added). In support of this erroneous statement, Defendant cites a 1989 Westlaw reported case, which obviously was decided prior to the 1993 amendments giving the courts discretion.

10

Even though Plaintiff's attorney at the time signed and filed the Complaint, Plaintiff can still be held responsible under Rule 11, which states that sanctions may be imposed "upon the attorneys, law firms, or parties that have violated subdivision (b) *or are responsible for that violation*." Rule 11(c) (emphasis added). "[I]t is now clear under the 1993 version of Rule 11 that represented parties can be sanctioned for violations of Rule 11 ... (b)(3) or (4)(allegations and denials clauses)." Georgene M. Vairo, Rule 11 Sanctions: Case Law, Perspectives and Preventive Measures 637 (3d ed. 2004).

A review of the Complaint shows that Plaintiff alleged:

> 8. When Plaintiff inquired about her chances of getting this position she was informed that it was a "slim to none" chance. When Plaintiff inquired as to why this was true, she was told that Defendant Bridgestone/Firestone has an "unwritten rule" that it has to be a male for the internal position. Plaintiff was denied an interview and in September 2005 a male, who was not a present employee, was hired for the internal position.

Docket Entry No. 1, ¶ 8.[7]

Plaintiff testified in her deposition that the above statement was made to her. Docket Entry No. 33-2, Deposition Excerpts of Adrianna D. Walton, p. 46 . Also, it is uncontested that Plaintiff, a female, did not receive the safety officer position in question, but a male did. *See* Report and Recommendation, Docket Entry No. 39, p. 6. Therefore, Plaintiff had a reasonable basis to assert gender discrimination in her Complaint, which complies with the requirements of Rule 8, Fed. R. Civ. P.

---

[7]Plaintiff's Amended Complaint is identical. Docket Entry No. 25, ¶ 8.

11

Case 3:06-cv-00022   Document 40   Filed 05/04/07   Page 11 of 15 PageID #: 274

Under Rule 11, Plaintiffs have "a reasonable opportunity for further investigation or discovery." Rule 11(b)(3). Discussing the 1993 amendments to Rule 11, the Advisory Committee Notes state:

> The certification with respect to allegations and other factual contentions is revised in recognition that sometimes a litigant may have good reason to believe that a fact is true or false but may need discovery, formal or informal, from opposing parties or third persons to gather and confirm the evidentiary basis for the allegation.

Fed. R Civ. P. 11 Advisory Committee's Note.

In light of Plaintiff's Complaint, her deposition testimony and the uncontested facts, the undersigned does not find Plaintiff's conduct at the time the Complaint was filed to be unreasonable under the circumstances. Thus, Plaintiff is not subject to Rule 11 sanctions relating to the Complaint, because it was not frivolous, unreasonable or unfounded.[8]

Relating to the continuing obligation, Defendant states: "Plaintiff should have voluntarily withdrawn her claim against Sizemore at that time [after her deposition]. Ignoring the clear lack of evidence, Plaintiff continued her prosecution of this claim despite Sizemore's repeated requests she withdraw her claim." Docket Entry No. 37, p.1 (bracketed language added).

Rule 11(b) includes a continuing duty with its language of "later advocating." The Sixth Circuit has stated: "Thus, litigants may be sanctioned under the amended rule for continuing to insist upon a position that is no longer tenable." *Ridder*, 109 F.3d at 293.

---

[8]Even if the Court determined that the filing of the Complaint violated Rule 11, an award of the monetary sanctions sought by Defendant would be improper. Such sanctions are not available against Plaintiff herself, even if the Court determines that the Complaint lacks a legal basis. "Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)." Rule 11(c)(2)(A). "Under Rule 11(c)(2)(A), monetary sanctions may not be imposed on represented parties, when the violation is the presenting of a paper with an inadequate legal basis." Vairo, *supra* at 639.

12

A further interpretation of Rule 11(b) is as follows:

> Thus, the 1993 version of Rule 11 does not incorporate an affirmative continuing duty to withdraw papers. However, the rule expressly provides that once it is clear that a position taken is no longer tenable, a litigant may no longer continue to press the position. In addition, the Advisory Committee Note stated that although there is no duty to formally withdraw the paper or position taken, withdrawal of the paper will generally immunize the target from sanctions.

Vairo, *supra* at 275.

Defendant has not cited, and the undersigned has not found, a Sixth Circuit case stating that a Plaintiff, particularly a *pro se* Plaintiff, has a duty to withdraw a complaint, particularly a complaint that has been prepared, signed and filed by an attorney. Thus, Defendant's assertions that Plaintiff had an affirmative duty to withdraw her complaint is not supported by Sixth Circuit authority. In fact, despite the significant amendments to Rule 11 in 1993, four of the five cases cited by Defendant for the continuing duty theory are from 1988.

Moreover, all of the cases cited by Defendant are distinguishable on the facts from the instant case because they all include situations where the plaintiff was represented by counsel who took some action in pursuing the case after being advised by opposing party that the claim was without merit. *Herron v. Jupiter Transp. Co.*, 858 F.2d 332 (6th Cir. 1988) (plaintiff's attorney attended court hearing and failed to comply with court order to dismiss action); *EEOC v. Sacco,* 102 F.Supp.2d 413 (E.D. Mich. 2000)(EEOC continued to vigorously prosecute case after defendant's repeated efforts to inform it of legal and factual errors); *City of Yonkers v. Otis Elevator Co.,* 844 F.2d 42 (2d Cir. 1988)(plaintiff's attorney engaged in discovery, attended court hearing and withdrew claim only after defendant filed summary judgment motion); *Flip Side Productions, Inc. V. JAM Productions, Ltd.*, 843 F.2d 1024 (7th Cir. 1988)(plaintiff's attorney filed response to summary judgment).

13

Defendant cites *Michaels Building Co. v. Ameritrust Co.*, 848 F.2d 674 (6th Cir. 1988), which is not comparable to the above cases because in *Michaels* the court declined Rule 11 sanctions after finding there was a reasonable basis for plaintiff's complaint.

All of the cited cases are different from the instant case because the Plaintiff here apparently has taken no action since the time of the depositions and therefore has not "pursued" her case. Liability can be triggered "either by filing additional papers or by orally representing that [Plaintiff] intended to continue to pursue the case." Vairo, *supra* at 276. Plaintiff has not orally advocated her case with either Defendant or the Court, nor has she corresponded with Defendant or filed any papers with the Court. As far as the Court is aware, Plaintiff has been inactive in this litigation since before receiving Defendant's last letter marked as Exhibit 4.

Just because a plaintiff does not ultimately prevail does not mean that his or her action was unreasonable or without foundation. Rather, there must be a finding that the plaintiff's action was frivolous, unreasonable, or without foundation. This is the standard articulated by the U.S. Supreme Court in reviewing whether a Title VII prevailing defendant should be awarded attorney's fees, and the Sixth Circuit has adopted this standard in analyzing Rule 11 motions. *EEOC,* 102 F.Supp.2d at 417-18.

Defendant has failed to prove a Rule 11 "later advocating" violation because Plaintiff has not taken any action to insist on her claim and there is no duty to withdraw in the Sixth Circuit.

The undersigned reminds counsel that Rule 11 motions should be filed judiciously and that Rule 11 motions are themselves subject to the requirements of Rule 11. Defendant presents certain "facts" in its supporting Memorandum that are not supported by the record. In fact, the instant Motion appears to be based in large part upon an argument that Plaintiff knew her Complaint was

14

frivolous because she knew the qualifications for the position she sought and she knew that she did not have those qualifications.[9] As discussed above, and in the Report and Recommendation, however, the record simply does not show that Plaintiff knew the qualifications for the job.

As the undersigned noted in the Report and Recommendation, "The Court expects that counsel will give accurate citations to the record, and the Court cautions counsel to be more precise in their representations concerning the record." Docket Entry No. 39, p. 4.

For the foregoing reasons, the undersigned recommends that Defendant's Motion for Sanctions (Docket Entry No. 36) be DENIED.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

> E. CLIFTON KNOWLES
> United States Magistrate Judge

---

[9]The instant Motion states that "Plaintiff's own deposition testimony undeniably establishes that she was not qualified for the position she alleges she was denied ...." Docket Entry No. 36, p. 1. The supporting Memorandum argues that Plaintiff "continued to violate Rule 11 when she refused to withdraw her gender discrimination claim against Sizemore after it was undeniably apparent (based upon Plaintiff's own deposition testimony) that she did not possess the qualifications necessary to be considered for the Safety Officer position ...." Docket Entry No. 37, p. 1.

15